Carl E. Anderson
vs.
American Automobile Insurance Co.
} Law No. 78967.

December 7, 1929.

TANNER, J. This case is heard upon the demurrers of both parties to the pleas and replications.

The twelfth plea sets up in substance that the policy was one of indemnity only for money actually paid by the insured on account of casualties insured against in the policy.

The first ground of demurrer is that the policy has not been sufficiently pleaded to enable the Court to determine what clauses referred to mean; but the two kinds of policies, indemnity and liability, are well understood and if the defendant pleads that the policy was one of indemnity only, it is fair to suppose that it so states. If the plaintiff really does doubt that the policy contains such a provision, he can ask for the production of the insurance company's records to determine that fact.

Demurrer on this point is overruled.

The second point of demurrer is that the provisions of a policy requiring the insured to suffer direct loss is inoperative by reason of paragraph 3815 of the General Laws.

While we can give our construction of this statute, we feel that it does present a question of doubt and importance which ought to be determined by the Supreme Court and suggest certification of such question.

The eighth replication to the ninth plea is, in our opinion, an indirect or argumentative traverse to the plea. It might form part of a special traverse if it also added in the absque hoc a direct and categorical denial of the allegations of the plea with a conclusion to the contrary.

Inasmuch as a direct traverse is not, however, attached, the demurrer must be sustained.

The demurrer to the twelfth, fifteenth and seventeenth replications is to the effect that the replications should specify the person who apprised the company of the writ in said action and also the person who was advised by the insurance company that it had nothing to do with said action.

The demurrer is sustained merely because we think, as a matter of good pleading, that the defendant may prepare itself to deny the allegations of the replication, the names of the persons apprising and the names of the persons advised should be stated.

The thirteenth replication to the sixth plea avers that Wilcox did not have or receive any summons or other process which he could have forwarded to the insurance company in accordance with the requirements of the policy.

It seems to us that this replication is a good answer to the plea. If the policy may be interpreted as calling for any other notification where no process was served, we think the plea should so state.

Demurrer overruled.

For plaintiff: W. A. Gunning.

For defendant: Curran, Hart, Gainer & Carr.